**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**SCOTTY DALE PIERCE**                                                       **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO.: 1:08cv317-HSO-JMR**

**SHERIFF DAVID ALLISON**                                       **DEFENDANT**
_____

## REPORT & RECOMMENDATIONS:

This matter is before the Court pursuant to a Motion [38-1] to Dismiss or in the Alternative for Summary Judgment and Qualified Immunity filed on behalf of the Defendant Sheriff David Allison on October 30, 2009. Defendant Allison's Motion is accompanied by a Memorandum [39-1] in Support thereof. To date, Plaintiff has not filed a response in opposition. The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, recommends that the Defendant's Motion [38-1] to Dismiss or in the Alternative for Summary Judgment and Qualified Immunity be granted.

## FACTS:

Plaintiff was arrested on November 16, 2007, and charged with Armed Robbery. (*See* Ex. "B" Attach. [41-1] Def.'s Mot. Summ. J. 1.) That same day, he was booked and detained at the Pearl River County Jail ("PRCJ") to await trial on the pending charge. *Id.* At some point, Plaintiff pled guilty to the charge and was held at the PRCJ until he was transferred into the custody of the Mississippi Department of Corrections on November 12, 2008. On July 21, 2008, Plaintiff filed this *pro se* § 1983 action against Sheriff Allison alleging that he suffered violations of his constitutional

rights while being held at the PRCJ.[1]

In his Complaint, Plaintiff contends that he was subjected to unconstitutional conditions of confinement and excessive force during his detention at the PRCJ. Specifically, Plaintiff alleges that he was denied hot meals and recreation in the form of "yard calls," that he was forced to sleep on the floor, and that the jail is kept in deplorable condition due to the facility's failure to properly clean the premises. Plaintiff claims there is mildew in the shower and that the living areas are constantly dirty. Plaintiff asserts that he received a staph infection due to the filthy living conditions. Also, Plaintiff alleges that he was subjected to excessive force at the hands of PRCJ officers. Plaintiff contends that he was "strapped down in a chair for a torture treatment" for four hours. (*See* Pl.'s Compl. [1-1] 4.) Plaintiff seeks compensatory damages in the amount of Ten Thousand U.S. dollars ($10,000.00). Defendant filed the present Motion to Dismiss, or in the Alternative for Summary Judgment and Qualified Immunity on October 30, 2009.

## STANDARD OF REVIEW:

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97 (5th Cir. 1987). "The requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the

---

[1] The Court notes that Plaintiff does not specify whether his claims are against Defendant David Allison in his individual capacity, his official capacity, or both. Because *pro se* complaints must be construed liberally, the Court will interpret Plaintiff's Complaint to allege claims against Defendant Allison in both his individual and official capacity. *See Williams v. Love,* 2006 WL 1581908, *5 (S.D.Tex. 2006).

governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695 F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the party resisting the motion. *See Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986). To survive summary judgment, the non-movant must demonstrate the existence of a disputed issue of material fact. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact. *See Howard*, 783 F.2d at 1315.

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights. Therefore, section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the Laws of the United States. *White v. Thomas*, 660 F. 2d 680, 693 (5th Cir. 1981). A plaintiff cannot succeed merely by showing any deprivation of his rights. Section 1983 was intended to protect rights protected by federal law. *Karmi-Panahi v. Los Angles Police Dept.*, 839 F. 2d 621 (9th Cir. 1988); *Wright v. Collins*, 766 F.2d 841 (5th Cir. 1985).

Under 42 U.S.C. § 1983, liability may be imposed upon any person who, acting under the color of state law, deprives another of federally protected rights. It neither provides a general remedy for the alleged tort of state officials, nor opens the federal courthouse doors to relieve complaints of

all who suffer injury at the hands of the state or its officers. Municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978). *Monell* and later decisions reject municipal liability predicated on *respondeat superior*, because the text of section 1983 will not bear such reading. *Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691.

A suit against a governmental agent or officer in his official capacity is a suit against the office that the employee holds and not against the actual employee. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The three requirements for municipal liability outlined in *Piotrowski* are necessary in order to distinguish between individual violations by local employees and those that can be fairly attributed to conduct by the governmental entity itself. *See Piotrowski*, 237 F.3d at 578-79. The United States Supreme Court has clearly emphasized the necessity of an official policy as a predicate to recovery under a theory of municipal liability:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell*, 436 U.S. at 695. Therefore, municipalities may not be held liable for acts of lower level employees, but may be held liable for constitutional violations committed pursuant to an official policy or custom. *Piotrowski*, 237 F.3d at 578.

In addition, not only must the plaintiff establish that a policy or custom of the municipality was the "moving force" behind the alleged violation of a constitutional right; he must also establish

that the municipality was "deliberately indifferent" to the known consequences of the policy. *Id.* at 580; *See Lawson v. Dallas County*, 286 F.3d 257, 264 (5th Cir. 2002) ("[T]he municipality must maintain its official policy with deliberate indifference to a constitutionally protected right."). Deliberate indifference is an objective standard which encompasses "not only what the policymaker actually knew but what he should have known, given the facts and circumstances surrounding the official policy and its impact on the plaintiff's rights." *Lawson*, 286 F.3d at 264. The Fifth Circuit has noted that the plaintiff bears an "extremely heavy burden" in establishing both the municipality's deliberate indifference and a causal link between the alleged custom and the alleged constitutional violation. *Peters v. City of Biloxi*, 57 F.Supp. 2d 366, 376 (S.D. Miss. 1999). *See Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998); *Piotrowski*, 237 F.3d at 580 (stating that these two requirements "must not be diluted").

## ANALYSIS:

In his motion, Defendant Allison first asserts that Plaintiff has failed to exhaust his administrative remedies, and therefore his section 1983 claims should be procedurally barred under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

Plaintiff's Complaint was filed pursuant to 42 U.S.C. § 1983, and is thereby subject to the Prison Litigation Reform Act ("PLRA"), which provides in pertinent part, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*." 42 U.S.C. § 1997e(a) (emphasis added). The PLRA requires the plaintiff "to exhaust 'available' 'remedies,' whatever they may be. The failure to do so prevents him from pursuing a federal lawsuit at this time." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). "In *Booth v. Churner*, the Supreme Court decided that Congress intended a prisoner to invoke

'such administrative remedies as are available' in the prison, without regard to whether the grievance procedure affords money damage relief, before he may file suit contesting prison conditions in federal court." *Wright*, 260 F.3d at 358 (citation omitted). The Supreme Court's finding was further summed up in a footnote: " Here, we hold only that Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative sources." *Booth v. Churner*, 532 U.S. 731, 741, n. 6. (2001). The district court is not required to determine if the petitioner made a good faith effort to pursue his administrative remedies. *Underwood v. Wilson*, 151 F.3d 292, 294 (5th Cir. 1998)(overruled on other grounds).

Defendant notes that Plaintiff has never filed an inmate grievance regarding any of the claims of constitutional violations stated in his Complaint. Defendant Allison points to Plaintiff's inmate file which is devoid of any such grievance. (*See* Ex. "B" Attach. [41-1] Defs.' Mot. Summ. J.) Also, Defendant notes that his propounded Requests for Admissions were deemed admitted by this Court due to the failure of Plaintiff to respond, and by those admissions Plaintiff admits that he did not file any grievance relating to the allegations in his complaint, nor did he follow the administrative remedy program. (*See* Defs.' Mot. [38-1] Summ. J. 3.)

Upon a thorough review of the record and the pleadings before the Court, the Court finds that Plaintiff has failed to avail himself of the available administrative remedies provided by the PRCJ. Therefore, this Court finds that the instant 42 U.S.C. § 1983 claim should be dismissed for petitioner's failure to meet the PLRA's administrative remedies exhaustion requirement.

Although Plaintiff's failure to exhaust available administrative remedies is dispositive as to his section 1983 claims, the Court will, out of an abundance of caution, proceed to review Plaintiff's substantive claims against Defendant in both his official and individual capacities.

The Court notes that Plaintiff does not specify any dates or time periods in which he alleges

his constitutional rights were violated. During his detention at the PRCJ, Plaintiff would be classified as a pretrial detainee and a convicted prisoner at differing time periods. As a pretrial detainee, Plaintiff's constitutional rights flow from the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment prohibition against cruel and unusual punishment for convicted prisoners. However, in the instant case, since the Court is uncertain as to when Plaintiff alleges his constitutional rights were violated and as to when he became a convicted prisoner, the Court will analyze Plaintiff's claims under both the Fourteenth and Eighth Amendments.

Because they have not yet been convicted of the crime with which they are charged, pretrial detainees have a due process right not to be punished for that crime. *Bell v. Wolfish,* 441 U.S. 520, 535 (1979). The Supreme Court has stated the distinction between conditions that may be constitutionally imposed on convicted prisoners and conditions that may be imposed on pretrial detainees as follows:

> [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. **Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.**

*Ingraham v. Wright,* 430 U.S. 651, 671-72 (1977) (emphasis added).

The appropriate standard to apply in analyzing constitutional challenges by pretrial detainees depends on whether the alleged unconstitutional conduct is a "condition of confinement"[2] or an

---

[2] The following were deemed to be conditions-of-confinement cases: *Murphy v. Walker,* 51 F.3d 714 (7th Cir.1995) (revocation of telephone, television, and cigarette privileges); *Collazo-Leon v. United States Bureau of Prisons,* 51 F.3d 315 (1st Cir.1995) (disciplinary segregation and denial of telephone and visitation privileges); *United States v. Millan,* 4 F.3d 1038 (2d Cir.1993) (length of pre-trial detention); *Hause v. Vaught,* 993 F.2d 1079 (4th Cir.1993) (restriction on mail privileges); *Brogsdale v. Barry,* 926 F.2d 1184 (D.C.Cir.1991) (overcrowding); *Lyons v. Powell,* 838 F.2d 28 (1st Cir.1988) (22-23-hour confinement and placement of mattress on floor); *Fredericks v. Huggins,* 711 F.2d 31 (4th Cir.1983) (policy of refusing detainees access to drugs for rehabilitation); *Lareau v. Manson,* 651 F.2d 96 (2d Cir.1981) (overcrowding).

"episodic act or omission." *See Scott v. Moore,* 114 F.3d 51, 53 (5th Cir.1997) (en banc). The Fourteenth Amendment protects pretrial detainees from the imposition of conditions of confinement that constitute "punishment." *Hamilton v. Lyons,* 74 F.3d 99, 103 (5th Cir.1996). "Punishment" may be loosely defined as "a restriction or condition that is not reasonably related to a legitimate goal-if it is arbitrary or purposeless." *Bell*, 441 U.S. at 539. "Reasonably related" means that the restriction is (1) rationally related to a legitimate governmental purpose, and (2) not excessive in relation to that purpose. *Id.* at 561. "[T]his test is deferential to jail rulemaking; it is in essence a rational basis test of the validity of jail rules." *Hare v. City of Corinth, Miss.,* 74 F.3d 633, 646 (5th Cir.1996).

When a pre-trial detainee alleges unconstitutional conduct which involves an episodic act or omission, the question is whether the state official acted with deliberate indifference to the inmate's constitutional rights. *Gibbs v. Grimmette,* 254 F.3d 545, 548 (5th Cir. 2001). When the alleged constitutional violation is a particular act or omission by an individual that points to a derivative policy or custom of the municipality, the deliberate indifference standard is also appropriate. *Scott,* 114 F.3d at 53-54. To prove deliberate indifference, a pretrial detainee must show that the state official knew of and disregarded an excessive risk to the inmate's health or safety. *See Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir.1999).

The constitutional rights of a convicted state prisoner spring from the Eighth Amendment's prohibition on cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97 (1976). A sentenced inmate may be punished in any fashion that is neither cruel nor unusual. *See Jones v. Diamond*, 636 F.2d 1364, 1368 (5th Cir. 1981). As stated above, the constitutional rights of a pretrial detainee flow from the due process guarantees of the Fourteenth Amendment. *See Bell*, 441 U.S. at 535. Since the State does punish convicted prisoners, but cannot punish pretrial detainees, a pretrial

detainee's due process rights are said to be "at least as great as the Eighth Amendment protections available to a convicted prisoner." *Hare*, 74 F.3d at 639 (quoting *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983)).

The Court notes that Plaintiff's Complaint alleges both unconstitutional conditions of confinement and episodic acts or omissions. Therefore, the Court shall address the two categories of allegations individually.

**I. Conditions of Confinement:**

Plaintiff alleges that Defendant Allison is officially liable because he failed to remedy the allegedly unconstitutional conditions at the PRCJ. The Court notes that Plaintiff's official capacity claims against Defendant Allison are, in reality, claims against the office in which he occupied at the time of the alleged incidents and, ultimately, Pearl River County. Therefore, to the extent Plaintiff brings this action against Defendant Allison in his official capacity, he must establish a constitutional violation, and in addition must satisfy the three requirements necessary to impose municipal liability: that the PRCJ had an official policy, practice or custom which would subject it to section 1983 liability; that the official policy is linked to the constitutional violation(s); and that the official policy reflects the PRCJ's deliberate indifference to that injury. *See Lawson*, 286 F.3d at 263.

The majority of Plaintiff's Complaint is dedicated to challenging the constitutionality of his conditions of confinement at the PRCJ. However, other than the previously noted allegations of unconstitutional conditions, Plaintiff presents no evidence that an official policy of the PRCJ was responsible for the alleged violation of his constitutional rights. The Court finds that such bare allegations, without more, are simply insufficient to support a claim that there existed a policy or custom which was the moving force behind any alleged constitutional violation. At best, Plaintiff's assertions amount to isolated instances of negligent conduct, which are insufficient to support the

instant official capacity claim against Defendant Allison. Accordingly, the Court recommends that summary judgment be granted in favor of the Defendant on Plaintiff's official capacity claims as they relate to the conditions of the PRCJ.

Additionally, Plaintiff's Complaint seeks to impose liability against Defendant Allison in his individual capacity for the allegedly unconstitutional conditions at the PRCJ. However, because Defendant Allison is a law enforcement official, he may raise the defense of qualified immunity. *See Gagne v. City of Galveston*, 805 F.2d 558, 559 (5th Cir. 1986).

In assessing a claim of qualified immunity, the determination must first be made as to whether the plaintiff has alleged a violation of a clearly established constitutional right. *Siegert v. Gilly*, 500 U.S. 226, 231 (1991). As a pretrial detainee, Plaintiff has a constitutional right not to be punished for the crimes with which he has been charged. Therefore, to the extent that Plaintiff seeks to establish § 1983 liability against Defendant Allison, Plaintiff must offer proof that the conditions at the PRCJ were imposed as a form of punishment. *Hamilton,* 74 F.3d at 103. A punitive purpose can be established by direct evidence of intent by detention facility officials to punish the pretrial detainee. *Bell,* 441 U.S. at 538. Alternatively, a punitive purpose may be inferred if the challenged condition is not reasonably related to a legitimate governmental objective. *Id.* at 539.

Plaintiff alleges that he was denied an opportunity to exercise in the form of "yard calls." Plaintiff's inmate file shows that his recreation privileges were restricted from February 19, 2008 to March 4, 2008 for burning a wick. (*See* Ex. "B" Attach. [41-1] Defs.' Mot. Summ. J.) The Court notes that Plaintiff has presented no direct evidence to indicate that he was ever denied a recreation period as a form of punishment for his pending criminal charge. Further, Plaintiff has presented no evidence to establish that the alleged infrequency of his yard calls were not reasonably related to a legitimate penological interest such as assuring inmate security. This issue does not rise to an

actionable claim.

Plaintiff's allegation concerning the quality of the food served at the PRCJ also fails to state a constitutional claim. Plaintiff's only complaint is that the food is regularly served at an improper temperature. However, Plaintiff has offered no evidence or even made an allegation that the food at the PRCJ is served in the alleged manner as a form of punishment. Furthermore, all available evidence indicates that the caloric value of the food served is well within the Mississippi State Department of Health guidelines. (*See* Ex. "C" Attach. Defs.' Mot. [38-4] Summ. J.) Although the food was not served to Plaintiff's liking, "there is . . . a *de minimis* level of imposition with which the Constitution is not concerned." *Bell*, 441 U.S. at 539 (*citing Ingraham v. Wright*, 430 U.S. 651, 674 (1977)). Plaintiff has failed to establish a violation of a clearly recognizable constitutional right.

Plaintiff contends that he had to sleep on the floor for a period of time during his detention at the PRCJ. However, the Court notes that Plaintiff has made no allegation or offered any evidence that Defendant Allison is capable of operating the PRCJ in a different manner, but chooses not to as a form of punishment. Moreover, Defendant Allison notes that Plaintiff was given a mattress as evidenced by Plaintiff's destruction of that mattress. (*See* Ex. "B" Attach. [41-1] Defs.' Mot. Summ. J. 28.) The Court finds that Plaintiff's specific allegation does not rise to the level of a constitutional violation, as pretrial detainees do not have a constitutional right to an elevated bed. *Mann v. Smith*, 796 F.2d 79, 85-6 (5th Cir. 1986). Such a conclusory allegation is insufficient to survive a motion for summary judgment. This issue is without merit.

The Court finds that Plaintiff's allegations concerning the cleanliness of the PRCJ do not rise to the level of constitutional violations. Plaintiff alleges that there is mildew in the showers and unsanitary living conditions. (*See* Pl.'s Compl. [1-1].) Despite these allegations, the Court notes that Plaintiff offers no evidence that Defendant Allison maintains the facility in an unsanitary fashion as

a form of punishment. Also, Plaintiff fails to even allege that Defendant Allison was even aware of these alleged conditions. Plaintiff's inmate file does not contain any grievance concerning the above mentioned allegations. Furthermore, the evidence is clear that Defendant Allison tries to maintain the PRCJ in a serviceable condition. Although the facilities are not kept to Plaintiff's liking, "there is . . . a *de minimis* level of imposition with which the Constitution is not concerned." *Bell*, 441 U.S. at 539 (citing *Ingraham v. Wright*, 430 U.S. 651, 674 (1977)).

Also, Plaintiff asserts that he obtained a staph infection while he was incarcerated at the PRCJ due to the dirty living conditions. However, Plaintiff's inmate file is void of any grievance or medical request concerning a staph infection. Plaintiff has not presented any evidence to this Court that he ever contracted a staph infection, other than his own allegation. Additionally, Plaintiff does not allege that he was denied treatment for a staph infection. Plaintiff has not presented any evidence in support of his allegation or even alleged that his exposure to a staph infection was in the form of punishment. The Court finds that Plaintiff has failed to establish a violation of a clearly recognizable constitutional right.

After a careful analysis of Plaintiff's allegations concerning the conditions of his confinement at the PRCJ, the Court finds that Defendant Allison is entitled to qualified immunity as to Plaintiff's individual capacity claims. Plaintiff has failed to provide any direct evidence that Defendant Allison imposed any of the alleged conditions as a punitive measure. Furthermore, Plaintiff has failed to submit evidence tending to prove that the alleged conditions were not reasonably related to a legitimate governmental interest. Therefore, Plaintiff has failed to establish a violation of a clearly recognizable constitutional right.

Additionally, the Court notes that the Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting

*Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). "It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31-32 (1993). The Eighth Amendment imposes duties on prison officials, and require that they provide humane conditions of confinement, including adequate food, clothing, shelter, medical care. *Farmer*, 511 U.S. at 832. Prison officials must also "take reasonable measures to guarantee the safety of the inmates." *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). "It is cruel and unusual punishment to hold convicted ciminals in unsafe conditions." *Helling*, 509 U.S. at 33.

A prison condition constitutes an Eighth Amendment violation only when two requirements are met. First, there is an objective requirement that the alleged condition be so serious as to deprive the prisoner of the "minimal civilized measure of life's necessities," such as some basic need. Second, the prison official must have been deliberately indifferent to the inmate's health or safety. *Woods v. Edwards*, 51 F.3d 577, 581 (5th cir. 1995) (footnote omitted). The United States Supreme Court defined the deliberate indifference standard as follows:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. Accordingly, a prison official's failure to eliminate a substantial risk of harm which he *should have* perceived, but in fact *did not* perceive, cannot support an imposition of liability under the Eighth Amendment. *Id.* at 838.

The Court finds that, to the extent Plaintiff was a convicted prisoner at the time the alleged constitutional violations occurred, Plaintiff has also failed to establish that his conditions of

confinement at the PRCJ violated his constitutional rights under the Eighth Amendment. Plaintiff has failed to allege that the conditions of his confinement were sufficiently dangerous as to constitute a serious threat to his health or safety. Further, Plaintiff has failed to establish deliberate indifference on the part of Defendant Allison, because he has not alleged nor shown Defendant's actual, subjective awareness of the allegedly unconstitutional condition. Thus, Plaintiff's Eighth Amendment claims are legally insufficient to establish liability against the Defendant and must be dismissed.

## II. Episodic Acts and Omissions:

Plaintiff's Complaint also makes an allegation of an incident involving PRCJ employees. Specifically, Plaintiff alleges that he was "strapped down in a chair for a torture treatment" for four hours. (*See* Pl.'s Compl. [1-1] 4.) Plaintiff asserts that Defendant Allison is liable in both his individual and official capacities for this alleged incident.

Plaintiff's official capacity claim against Defendant Allison is, in reality, a claim against the office which he occupied at the time of the alleged incident and, ultimately, Pearl River County. Therefore, to the extent Plaintiff brings this action against Defendant Allison in his official capacity, he must establish a constitutional violation, and in addition must satisfy the three requirements necessary to impose municipal liability: that the PRCJ had an official policy, practice or custom which would subject it to section 1983 liability; that the official policy is linked to the constitutional violation(s); and that the official policy reflects the PRCJ's deliberate indifference to that injury. *See Lawson*, 286 F.3d at 263.

Other than the above allegation of an incident of allegedly unconstitutional conduct, Plaintiff presents no evidence that an official policy of the PRCJ existed which violated his constitutional rights. The Court finds that such a bare allegation, without more, is simply insufficient to support a claim that there existed a policy or custom which was the moving force behind any alleged

constitutional violation. Plaintiff has presented no evidence that Defendant Allison was involved in the alleged assault against him or was even aware that it had occurred At best, Plaintiff's assertion amounts to an isolated incident of negligent conduct, which, by itself, is insufficient to support the instant official capacity claim against Defendant Allison.

To the extent that Plaintiff seeks to hold Defendant Allison liable in his individual capacity, Defendant Allison asserts that he is entitled to the defense of qualified immunity. Also, Defendant Allison notes that Plaintiff does not allege that he was present during, or is aware of, any disciplinary action against Plaintiff. As the Supreme Court reiterated in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952, 173 L. Ed. 2d 868, 887 (2009), where the doctrine of *respondeat superior* is inapplicable, a defendant cannot be held liable unless he himself acted on account of a constitutionally protected characteristic. Since "vicarious liability is inapplicable to... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*. at 1948, 173 L. Ed. 2d 868 (2009). "A Complaint must state a claim that is plausible on its face." *Id*. at 1949-50, 1953, 173 L. Ed. 2d 868 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). As was the case in *Iqbal*, here the Plaintiff's Complaint does not contain any factual allegations sufficient to plausibly suggest Defendant Allison himself violated a constitutional right of the Plaintiff. Therefore, Plaintiff's pleadings do not meet the standard necessary to comply with Federal Rule of Civil Procedure 8 and subject Defendant Allison to liability in his individual capacity.

However, out of an abundance of caution, the Court will analyze Defendant Allison's claim of qualified immunity. In assessing a claim of qualified immunity, the determination must first be made as to whether the plaintiff has alleged a violation of a clearly established constitutional right. *Siegert*, 500 U.S. at 231. Plaintiff has not identified any individual that witnessed this alleged assault,

he has not presented a statement from any witness, and he identifies no specific individuals who perpetuated this alleged assault. Finally, the Court notes that there is a conspicuous absence of any medical requests, sick call slips, or grievances seeking medical treatment for any injuries sustained from the alleged assault. While Plaintiff alleges that he was strapped to a chair for torture treatment, he does not present any evidence that he suffered any physical injury. The Court notes that § 1983 imposes liability only for violations of constitutional rights, and not merely for violations of duties of care arising under tort law. Thus, not every injury caused by a state official is actionable under § 1983. *Hinojosa v. City of Terrell, Tex.*, 834 F.2d 1223, 1229 (5th Cir. 1988); *Mark v. Caldwell*, 754 F.2d 1260, 1261 (5th Cir. 1985) (recognizing that § 1983 does not provide a cause of action for every injury wrongfully inflicted by a state officer). Accordingly, § 1983 remedies are limited to official conduct that (1) caused some meaningful injury, (2) was grossly disproportionate to the need presented, and (3) was motivated by malice. *Hinojosa*, 834 F.2d 1229. Therefore, the Court is left to conclude that Plaintiff has failed to create a genuine issue as to whether he suffered a violation of his constitutional rights.

Assuming, *arguendo*, that Plaintiff has raised a genuine issue as to whether his constitutional rights were violated, the Court finds that Plaintiff has presented no evidence of any unreasonable conduct on behalf of Defendant Allison. Even if the conduct violates a constitutional right, qualified immunity is applicable if the conduct was objectively reasonable. *Hare v. City of Corinth, Miss*, 135 F.3d 320, 327 (5th Cir. 1998). In order to overcome the bar of qualified immunity, Plaintiff must allege that Defendant Allison's conduct was objectively unreasonable in response to the alleged assault recounted by Plaintiff.

The Court notes that Plaintiff has presented no evidence that Defendant Allison was involved in this alleged assault or was even aware that it had occurred. It appears that Plaintiff seeks to establish

Defendant Allison's liability based on the conduct of his employees. However, the doctrine of *respondeat superior* is inapplicable in Section 1983 cases. *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990). Therefore, because Plaintiff is unable to present any evidence of Defendant Allison's personal involvement in the alleged assault, any evidence of Defendant Allison's knowledge of the conduct of his employees, or any other unreasonable conduct on behalf of Defendant Allison, the Court finds that Defendant Allison is entitled to qualified immunity against Plaintiff's individual capacity claims.

The Court also finds that to the extent Plaintiffs' Complaint could be construed to allege claims under state law, they are barred by provisions contained in the Mississippi Tort Claims Act, MISS. CODE ANN. § 11-46-1, *et seq*. Specifically, the Act provides that a government subdivision shall not be liable for a claim "of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary, or other such institution regardless of whether such claimant is or is not an inmate . . . when the claim is filed." MISS. CODE ANN. § 11-46-9(1)(m). The Court finds that because Plaintiff was an inmate at the time these events allegedly occurred, any claims arising under Mississippi law as a result of these alleged events are barred by the above provision.

### **RECOMMENDATION:**

After considering the evidence of record, the Court concludes that Plaintiff has failed to create a genuine issue as to whether Defendant Allison violated Plaintiff's constitutional rights during his incarceration at the PRCJ. Accordingly, the Court recommends that Defendant Allison is entitled to summary judgment, and Plaintiff's official and individual capacity claims against Defendant Allison should be dismissed with prejudice.

In accordance with the Rules of this Court, any party, within fourteen (14) days after being served a copy of this recommendation, may serve and file written objections to the recommendations,

with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996).

**SO ORDERED** this the ___16th___ day of March, 2010.

_____s/ John M. Roper, Sr._____
CHIEF UNITED STATES MAGISTRATE JUDGE